Filed December 14, 1892.

---

No. 15,429.

## MILLIKAN ET AL. *v.* WALL ET AL.

DRAINAGE.—*Ditch.*—*Repair of.*—*Tax for Repairing.*—*Appeal from Assessment.*—*Injunction.*—*Sufficiency of Complaint.*—*Knowledge.*—*When Chargeable with.*—In a proceeding to enjoin the collection of certain taxes for repairing a ditch, it was alleged that, under the pretense of repairing said ditch, the surveyor had caused to be constructed another ditch; that he caused

the same to be done without any petition to widen or deepen the same; that he had caused the expense of the work to be apportioned upon the lands of the plaintiffs; that the original ditch was never properly constructed or received; that the assessor had filed a copy of the assessment for repairing the ditch with the auditor, and that it had been placed upon the tax duplicate; that the ditch was constructed upon a system providing for an outlet which was not constructed, and that the proceedings providing for an outlet were declared void; that said repairs are not of any benefit, nor can be, because of no outlet; that the judgment declaring void the proceedings providing for an outlet was not given until the time for filing an appeal from the surveyor had expired.

*Held*, that the complaint stated facts sufficient to make a *prima facie* cause of action.

*Held*, also, that the attack upon the receiving of the original ditch is a collateral one, and can not be considered.

*Held*, further, that if the plaintiffs had known of the worthlessness of the ditch repaired, or were in law chargeable of that fact, in time to appeal, this suit could not be maintained, and in the absence of a brief, and by force of the confessions of the demurrer, it must be assumed that they had no such knowledge, and are chargeable with none.

From the Cass Circuit Court.

*J. C. Nelson* and *Q. A. Myers*, for appellants.

*S. T. McConnell* and *A. J. Jenkins*, for appellees.

ELLIOTT, J.—The appellants allege in their complaint that they are the owners of real estate upon which assessments have been levied for the construction of a ditch; that Francis Conn, assuming to act as surveyor, and under the authority conferred upon him to keep ditches in repair, at the expense of land owners, caused work to be done on the ditch; that under the pretense of repairing it he has caused a ditch to be constructed eight feet in width, two feet in width at the bottom, five feet in depth and two and one-fourth miles in length; that he has done the work without any petition to widen or deepen such ditch; that he has done the work without any other assessments than such as were made in the original proceeding, and has caused the expense of the work, amounting to five hundred dollars, to be apportioned upon the lands of the

plaintiffs; that the original ditch was never constructed as established, nor was it received by any officer authorized to receive it; that the surveyor has filed a copy of the assessment for repairing the ditch with the auditor, and that it has been placed upon the tax duplicate; that the ditch was constructed upon a system providing for an outlet, but that an outlet was not constructed; that the proceedings in which a ditch furnishing an outlet was established were declared void; that the repairs on the ditch have not been of any benefit, nor can they be, for the reason that the ditch, for want of an outlet, had filled up; that the judgment of the circuit court declaring void the proceeding establishing the ditch which furnished an outlet was not given until the time for filing an appeal from the decision of the surveyor had expired. Prayer was made for an injunction.

We do not deem it proper to express an opinion upon the merits of the case further than to say that the complaint is not so clearly destitute of equity as to make it necessary for us, without any brief or argument from the appellees, to adjudge that, at first blush, there appears to be no cause of action. We do no more than decide that the complaint is not so clearly bad as to require us to adjudge that there is an entire absence of material facts, for the reason that the appellees have filed no brief, although requested to do so by an order of court made on the 3d day of March last, and of which they had special notice, and for the further reason that it appears that the appellants have shown a *prima facie* right to relief.

The attack is undoubtedly a collateral one, and on such an attack it can not be shown that the original ditch was not received by the proper authorities. *Romack* v. *Hobbs,* 133 Ind. We, therefore, attach no importance to the allegations of the complaint upon that point.

As an appeal lies from an assessment made by a surveyor, this action could not be maintained if it were not

for the allegation that the nullification of the proceedings establishing the connecting ditch, which was the subject of controversy, was not known until it was too late to appeal. As the judgment declaring the proceedings establishing the connecting ditch was not rendered until the time for appealing had expired, the appellants could not know that the ditch repaired was rendered entirely valueless, and, consequently, they were not in fault in not pursuing the ordinary legal remedy. If they had known of the worthlessness of the ditch repaired, or were in law chargeable with knowledge of that fact, in time to appeal, this suit could not be maintained, but, in the absence of a brief, and by force of the confessions of the demurrer, we assume that they had no such knowledge, and were not chargeable with it. If they had no such knowledge, and the ditch is of no benefit to them whatever, there is no foundation for an assessment, and, as there is shown an excuse for not resorting to the legal remedy, equity will award relief.

We hold that under the confessions of the demurrer and the default in failing to file a brief, the complaint is sufficient to drive the appellees to answer. We do not, however, determine any question beyond those stated, but leave the case open for a full investigation upon its merits in the event that the defendants appropriately answer the complaint.

Judgment reversed.

Filed December 14, 1892.